**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-60352
Summary Calendar

JUANITA B. FAIRLEY,

Plaintiff-Appellant,

versus

TURAN-FOLEY MITSUBISHI; ET AL,

Defendants,

TURAN-FOLEY IMPORTS INC,
doing business as Turan-Foley Mitsubishi,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:93-CV-354-GR

November 22, 1999

Before KING, Chief Judge, HIGGINBOTHAM and STEWART, Circuit Judges.

PER CURIAM:[*]

Juanita Fairley has appealed the magistrate judge's [2] entry of judgment as a matter of law dismissing her state-law claims of fraud in connection with a contract to purchase an automobile.

Under Mississippi law a contract obtained by fraud is "not void, but voidable." *Turner v. Wakefield*, 481 So. 2d 846, 848-849 (Miss. 1985). Thus a defrauded party who does not "properly and finally" repudiate a contract upon discovery of fraud waives his claims of fraud by ratifying the contract." *Id*; *Edwards v. Wurster Oil Co. Inc*., 688 So. 2d 772, 776 (Miss. 1997).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] Trial was held before the magistrate judge pursuant to 28 U.S.C. § 636(c).

Turan-Foley did not dispute that one of its employees gave Ms. Fairley a document which stated that the interest rate for the car loan was 8.5% when it was actually 11.75%; forged Fairley's signature on a financing contract with Mitsubishi Credit Corporation; and falsely told Fairley that the financing package included life and disability insurance. See *Fairley v. Turan-Foley Imports, Inc.*, 65 F.3d 475, 477-478 (5th Cir.1995). It is also undisputed that Ms. Fairley learned of the forgery and misrepresentations before she made her first payment on the loan, and after learning such, she made no effort to rescind the sale, chose to keep the car and made payments on the 11.75% loan until the car was paid for. (Record at 415-417.) Thus, Ms. Fairley did not rely on misrepresentations. Damages did not result because she learned of the fraud long before she incurred any under the contract.

Because the evidence shows that Ms. Fairley learned of the alleged fraud and nevertheless decided to proceed with the contract, the magistrate judge did not err in determining that she had failed to establish a claim of fraud under Mississippi law. See *Crosthwait Equip. Co., Inc. v. John Deere Co.*, 992 F.2d 525, 528 (5th Cir. 1993). Affirmed.

2